[Practice.]

## The Palmyra. ; Depau, *Claimant.*

No appeal lies from a decree of restitution, with costs and damages, in the Circuit Court; the report of the commissioners appointed to ascertain the damages not having been acted on by the Court when the appeal was taken. Such a decree is not a *final* decree.

APPEAL from the Circuit Court of South Carolina.

This was the case of an armed vessel called the Palmyra, taken under Spanish colours by the United States' schooner Grampus, (commanded by Lieutenant Gregory, and cruising, with instructions from the President, against pirates,) and brought into the port of Charleston, S. C. for adjudication. A libel was filed by the captors, and a claim interposed by Mr. Depau, as agent of the alleged owners of the Palmyra, Spanish merchants domiciled at Porto Rico, and of the captain, officers, and crew. In the District Court the libel was dismissed, without costs and damages against the captors. The decree of restitution was affirmed in the Circuit Court, with costs and damages, and the cause was brought by appeal to this Court.

*Feb. 19th.* It was suggested by the *Attorney General,* (with whom was Mr. *Hayne,*) for the appellants, that after the decree of restitution, and for damages, in the Circuit Court, there had been a

reference to commissioners to ascertain the 1825.
amount of damages, and before the report of the The Palmyra.
commissioners had been acted upon by that
Court, the appeal was taken. The question was,
whether the appeal was not taken too early, the
Judiciary Act of March 3, 1803, c. 353. [xciii.]
having confined the right of appeal to "*final* de-
crees."[a]

Mr. *Tazewell*, contra, stated, that in the Dis-
trict Court there was a decree of restitution
and a denial of damages. Both parties appeal-
ed from that decree, the libellants being dissa-
tisfied with the decree of restitution, and the
claimants with the denial of damages. These
were, then, cross-appeals, and consequently there
might be an appeal from the decision of the Cir-
cuit Court decreeing restitution, and affirming,
in this respect, the decree of the District Court,
although the decree of the Circuit Court, rever-
sing that of the District Court as to damages,
and awarding the latter to the claimants, was as
vet undetermined.

Mr. Chief Justice MARSHALL delivered the opi- *Feb. 20th*
nion of the Court.

The Court has had the question submitted in
this cause under consideration, and is of opi-
nion, that the appeal is not well taken. The
decree of the Circuit Court was not *final* in the
sense of the act of Congress. The damages
remain undisposed of, and an appeal may still lie

a Ray v. Law, 3. *Cranch*, 179.

upon that part of the decree awarding damages. The whole cause is not, therefore, finally determined in the Circuit Court ; and we are of opinion that the cause cannot be divided, so as to bring up successively distinct parts of it.

The case in 3 *Cranch*, 179. is essentially different. In that case, which was an appeal in an equity cause, there was a decree of foreclosure and sale of the mortgaged property. The sale could only be ordered after an account taken, or the sum due on the mortgage ascertained in some other way ; and the usual decree is, that unless the defendant shall pay that sum in a given time, the estate shall be sold. The decree of sale therefore is, in such a case, final upon the rights of the parties in controversy, and leaves ministerial duties only to be performed.

Appeal dismissed.[a]

a See Young v. Grundy, 6 *Cranch,* 51. Gibbons v. Ogden, 6 *Wheat. Rep.* 448.