Mr. Justice WAYNE
 

 delivered tbe opinion of tbe court.
 

 Tbis is an appeal from tbe Circuit Court of tbe United States for the, district of Arkansas.
 

 "We find, from- our examination of tbe record, that tbe decree from which tbis appeal has been'taken is not final, within tbe meaning of the acts of Congress of 1789 and 1833. It ' will-therefore be dismissed for a wánt of jurisdiction. Tbe right of appeal is conferred, defined, and regulated, by the sec- . ond section of tbe act of March 2d, 1803, - which, however, adopts and applies tbe regulations prescribed by tbe 22d, 23d, and 24th sections of the judiciary act of tbe 24th September, 1789, :ch. 20, respecting writs of error; Tbe language of both is, that final judgments and decrees, rendered in any circuit, '&c., &c.,‘ may be reviewed in the Supreme Court,-where tbe matter in dispute, exclusive of costs, shall exceed tbe. sum or value of two thousand dollars.-. It has been tbe object of tbis court at airtimes, though an accidental deviation may be. found, to restrict tbe cases which have been brought to this. court, either by appeal or by writ of error, to those in which the rights of the parties'have .been fully and finally determined by judgments or decrees in the court below, whether they •were cases in admiralty, in equityy or common law. In the case of the Palmyra, (10 Wheat., 502,) where, in a libel for a tor-tious seizure, restitution with costs and damages had been decreed, but the damages had not been assessed, this court held that the decree was not final, and dismissed the appeal. It said, “the decree of the Circuit Court was not final in the sepse of the act of Congress. "
 
 The. damages remainX undisposed of, and an appeal may siilllie upon that part of the decree awarding damages.
 
 The whole cause is not, therefore, finally determined in the , Circuit Court, and we. are of the opinion that the cause cannot be divided so as to bring up distinct parts of it.”’' This court also ruled, in Brown
 
 v.
 
 Swann, (9 Peters, 1,) that a decree, enjoining a judgment at law taxing a sum which remained to be ascertained with precision was not final, tó pérmit an appeal from it. We might multiply citations from the reports of this court, to Show its caution upon this subject. We feel very confident no case has been déeided by it, when the question of the finality of a decree or judgment has been brought to its notice, in which the distinction between final and interlocutory decrees has. not beén regarded ap it was meant to be by the legislation of Congress, and as it was understood by the courts in England and m this country, before Congress acted upon thé:
 
 *285
 
 subject. A decree is understood to be interlocutory whenever an inquiry as to matter of law or fact is directed, preparatory to a final decision. (1 New., 322.) And we find it stated in tbe second volume of Perkins’s Daniel’s Chancery Practice, 1193, “that the most usual ground for not malanga perfect decree in the first instance, is the necessity which frequently exists for a reference to a master of the court, to make inquiries, or take accounts, or sell estates, and adjust other matters which are necessary to be disposed of, before a complete decision can be come to upon the subject-matter of the suit.” "When a decree finally decides and disposes of the whole merits of the cause, and reserves.no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the causé again before the court for its final-decision, it is a final decree. It is true, a decree may be final, although it directs a reference to a master, if all the consequential directions depending upon the result of the master’s report are contained in the decree, so that no further decree of the court will be necessary, uppn the confirmation of the report,
 
 to give the parties the entire and full benefit of the previous decision of the court.
 
 (Mills
 
 v.
 
 Hoag, 7 Paige, 18.)
 

 . Testing, then, this decree by the citations just given from. Daniel’s Chancery Practice, from the case of Mills
 
 v.
 
 Hoag, our inquiry is, whether further action of the court in the nature of a decree would not be necessary to give to the defendant in error the benefit of the “ rents and profits received by the defendants in the court below, or which could or ought to have been received by them, or any of them, for any part of the premises,” which it had directed the defendants to surrender to the complainant; and whether the court’s direction to the master, how he should take the accounts of rents and profits, and that no allowances .were, to be .made by the master for improvements which the defendants had made, and that no account of rent was to be taken upon permanent and valuable improvements erected by them, do not involve rights' in the respective parties, and a pecuniary uncertainty in respect to the sum to be paid by the defendant, which are only made certain and operative by a decree of the court upon the master’s report. The court’s direction was, “that it be referred to the master, to take an account of the rents .and profits received, or which could and ought to have been received, by the defendants, or any of’ them, for any part of the said premises; that he take such an account distributively as to the said Ashley and Beebe, in the lifetime of Ashley, and as to his heirs since his death, and as to said Gk 0. Walker since his purchases; that he make no allowances for improvements made
 
 *286
 
 by them, or either of them, and take no account of rent upon permanent and valuable improvements erected by them; and that he report to the court here, at the next term thereof. And it is further ordered, &c., that the defendants do pay the costs of this suit.” Thus leaving a sum to be ascertained with precision by the master from different elements, from which he íb directed to make up the account, and those not merely consequential from the previous directions of the decree. Further, a decree from which an appeal may be taken must not only be final, but it must be one in which the matter in dipute, exclu-. teive of costs, shall.exceed the sum or value of two thousand dollars. The value of the subject-matter in controversy may be shown from the record, or by evidence aliunde, when it is disputed; and in this case the record discloses that to be such ■as would give "the court jurisdiction; but the decree also shows that a sum is still unascertained between the parties, which may or may not exceed two thousand dollars, and, if it does, which may be the subject of another appeal. The object of the law, and the interpretation of it by this court, is to prevent a case from coming to it from the courts below, in which the whole controversy has not been determined finally, and that the same may be done in this cqurt. Ve say, “in which the whole controversy has not been determined.” Wherever it has been,- and ministerial duties are only to be performed, though that be to ascertain an amount due, the decree is final.
 

 But'the reference of a case to a master, to take an account upon evidence, and from the examination of the parties, and to make or not .to make allowances affecting the rights of the parties, and to report his results to the court, is not-a final decree ; because his report is subject to exceptions from either side, which must be brought -to the notice of the court before it can be available. It can only be made so by the courts overruling the exceptions, or by an order confirming the report, with a final decree for its appropriation and payment. We have just said the decree is final when ministerial duties are only to be done to ascertain a sum due. The case of Ray
 
 v.
 
 Law, in 3 Cranch, 179, is an instance. It was then ruled by this court, that a decree for a sale under a mortgage is such a final decree as may be appealed from. Afterwards, when that, case was cited in the case of the Palmyra, (10 Wheat., 502,) Marshall, Chief Justice, said for the court: “In that case, which was an appeal in an equity cause,, there was a decree of foreclosure and sale of the mortgaged property. The sale could only be ordered after an account taken* or.the sum due on the mortgage ascertained in some other way. And the usual decree is, that unless the defendant shall pay that sum in
 
 *287
 
 a given time, the estate shall be sold. The decree of sale, • therefore, is in such a case final upon the rights of parties in -controversy, .and leaves ministerial duties only to he performed.” In such a case, the direction is hut a consequence of the decree, and no further decree is necessary. So a decree upon the coming in of the master’s report on a hill for specific performance, ascertaining the quantity of land to he conveyed, and the balance of money to he paid, and that the conveyance . should be executed on such balance being tendered, is a final decree. (Navis
 
 v.
 
 Waters, 1 John. Ch., 85.) But in the last case cited, it would not have been final if the decree had not directed the conveyance of the land upon the sum found by-the master being tendered.
 

 It has been supposed that this court did not apply its present interpretation of the laws regulating appeal in the cases of Whiting
 
 v.
 
 Bank of the United States, (13 Peters, 6,) of Michaud
 
 v.
 
 Girod, (4 How., 503,) and in Forgay et al.
 
 v.
 
 Conrad, (in 6 Howard, 201.) It is, however, not so. Whiting’s case, in that part of it relating to appeals, was only what this court had said in Ray
 
 v.
 
 Law, in the case of the Palmyra, before, cited, that a decree of foreclosure and sale is final upon the merits of the controversy, and an appeal lies therefrom. In Michaud
 
 v.
 
 Girod, no such point was made in the argument of it, nor' touched upon in the opinion of the court. In Nor-gay’s case, it was made upon the decree given by the court below, and it wits adjudged by this court to be final to give this court jurisdiction of it. But it was so, upon the ground that the whole merits of the controversy between the parties had been determined,
 
 that execution had been awarded,
 
 and that the ease had been referred to the master merely for the purpose of adjusting the accounts. The fact is, the
 
 order of the court in that case for referring it to a master was peculiar,
 
 making it doubtful, if it could in any way control or qualify the antecedent decree of the court upon the whole merits of the controversy, or modify it in any way,
 
 except upon a petition for a rehearing.
 
 We refer to the case, however, with confidence, to show that the reasoning of the opinion is cautionary upon the subject of bringing appeals, and confirmatory of what we have said in this case. We dismiss the case, the court not having jurisdiction of the appeal.