Platt agt. Stewart.

# UNITED STATES CIRCUIT COURT.

John H. Platt, assignee in bankruptcy of S. Leland & Co., respondent, agt. Alexander T. Stewart and divers others, execution creditors, appellants.

*Appeal in bankruptcy — orders and decrees, final and interlocutory, defined.*

No appeal can be taken, under the eighth section of the bankruptcy act of 1867, from a decree, unless it be final.

*Clarke agt. Iselin (9 Blatchford C. C. Reps., p. 177) approved of.*

It has been the object of the supreme court, at all times, although an accidental deviation may be found, to restrict the cases which have been brought to that court, either by appeal or by writ of error, to those in which the rights of the parties have been fully and finally determined by judgments or decrees in the courts below, whether they were cases in admiralty, in equity or at common law.

A decree is understood to be interlocutory, whenever an inquiry as to a matter of law or of fact is directed, preparatory to a final decision.

A decree is final when it decides and disposes of the whole merits of the cause and reserves no further questions or directions for the future judgment of the court, or in which it will not be necessary to bring the cause before the court again for its final decision.

A decree may be final, although directing a reference, if all the directions depending upon the result of the master's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, to give the parties the full benefit of the previous decision of the court.

Where a decree, setting aside certain conveyances as preferential and void under the bankruptcy act, also provides for an accounting of rents and profits before a master appointed for that purpose, and also provides for the master to ascertain and report on what would be a suitable and proper compensation to be paid certain sheriffs for their levies under execution in their hands, and services in and thereabout, to be paid out of the funds disposed of by the decree, it is not a final decree.

The two references provided for are important in their character, involving the examination of disputed facts and the settlement of complicated

questions of law. What shall be held to be the rule of recovery for the rents and profits in such case may, and ordinarily does, depend upon a great variety of facts, and involves results essentially different in different cases.

Although the decree as to the execution creditors, setting aside their judgments and executions, may, in the one sense, be final, yet, where their alleged rights in the matter affected a fund, to which the party whose appeal was dismissed laid claim, such party had a right to be heard on the appeal, and the decree not being final until his rights were disposed of, the appeals of the others must be dismissed, as the cause cannot be taken up in fragments.

*Southern District of New York.*

*Before Hon.* WARD HUNT, *U. S. Supreme Court Justice, holding Circuit, May Term,* 1874.

THE United States district court (BLATCHFORD, *D. J.*), in an action brought by John H. Platt, assignee of Simeon Leland & Co., lessees of the Metropolitan hotel, to set aside certain conveyances of real estate by the bankrupts to Alexander T. Stewart, as preferential and void under the bankruptcy act of 1867, and also to set aside the levies made by divers execution creditors on the furniture of that hotel, and also to set aside certain chattel mortgages given by the bankrupts to Mr. Stewart, made a decree setting aside the said conveyances of the real estate (four houses and lots in New York city and a farm in Westchester county), and also holding the chattel mortgages to be invalid as liens on the said furniture or its proceeds (the same having been sold by order of court and paid into court), and also setting aside the levies of the said execution creditors.

The decree further provided that Mr. Stewart should account to the assignee for the rents, issues and profits of the real estate so conveyed to him, and specified in what mode it should be done, before a special master ; and further provided that Mr. Stewart, within twenty days after the entry of a final decree in the cause, should execute and deliver a proper deed, the form of which should be approved by a special mas-

ter appointed in the decree, to the assignee in bankruptcy, conveying and assuring to him the premises in controversy.

It further provided that the proceeds of the furniture in court belonged to and should be paid over to the assignee in bankruptcy, but thereout should be paid a reasonable compensation to certain sheriffs who had levied on the furniture under certain executions which by the decree were set aside.

From this decree Mr. Stewart appealed to the circuit court before the accounting was had, claiming that the decree was final. Two of the execution creditors also took appeals.

Motion was now made on the part of the assignee to set aside said appeals and to dismiss them as premature; the decree not being final. The motion as to Mr. Stewart's appeal was heard first.

*Dennis McMahon*, for the assignee.

I. The decree appealed from is one rendered in an equity suit, brought by the assignee in bankruptcy of Simeon Leland & Co.; it is therefore regulated by section 8 of the bankruptcy act.

II. In the following cases it has been held that such appeal cannot be taken except from a final decree : *Clark* agt. *Iselin* (9 *Blatchf. C. C. Rep.*, 199); *In Re Casey* (10 *id.*, 376).

III. So far as the defendant, Stewart, is concerned, the decree in question appealed from is not a final decree. It provides for an accounting of rents, issues and profits, which has not yet been had (*Craighead* agt. *Wilson*, 18 *How.*, 199 ; *Perkins* agt. *Tourinquet*, 6 *id.*, 206).

IV. A decree determining the rights of the parties, and referring it to a master to take an account of the rents and profits, &c., upon evidence, and from an examination of the parties to make or not to make allowances affecting the rights of the parties, and to report his results to the court, is not a final decree. In chancery a decree is interlocutory whenever an inquiry as to matter of law or fact is directed preparatory to a final decision (1 *New*, 322).

Platt agt. Stewart.

Although it is true that when a decree finally decides and disposes of the whole merits of the cause, and reserves no further question or direction for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree (7 *Paige*, 18; *Beebe* agt. *Russell*, 19 *How. U. S. S. C. R.*, 283).

V. The decree as to the four houses and farm is confessedly not a final decree, because it directs an accounting to be had by A. T. Stewart of the rents and profits received by him; such accounting is to be had on principles of charges and discharges set forth in the decree.

VI. The decree as to the $25,000 in the custody of the court, on which A. T. Stewart claimed a special lien by virtue of his chattel mortgages, which last were declared to be invalid, is also not final, because there is a reference ordered to ascertain the liens of the sheriff thereon by virtue of levies made by him under certain executions on the personal property afterward sold and turned into the funds now in court.

This lien is declared to be valid on the fund in court in favor of the sheriff, and has to be ascertained before Mr. Stewart can overturn the decree on appeal.

It is therefore evident that, so far as Stewart is concerned, the decree is not final.

VII. So far as the execution creditors are concerned, in one sense the decree is final; for it disposes of their rights absolutely; but, so far as the sheriff's fees are concerned, and the ascertaining them is concerned, it is not final.

The case of *Forgay* agt. *Conrad* (6 *How.*, 201) is limited and explained in *Craighead* agt. *Wilson* (18 *How.*, 199), but reaffirmed in 7 *Wallace*, 342.

VIII. If the decision is not final as to Stewart, one or more of the other defendants cannot appeal. All parties must join in it. (7 *Peters*, 399).

A case must not come up in fragments (3 *Peters*, 307; 3 *Dall.*, 188).

IX. This appeal being from the district to the circuit

court, it can hardly be said to bear the same relation that appeals from the circuit court to the supreme court bear.

In the latter case, on affirmance or reversal, the supreme court invariably sends its mandate down to the circuit to execute its decree or decisions. But in the former set of appeals the case is always· retained in the circuit, and there seems to be no warrant for the latter to order the accounting to be taken anew.

That can only be done in the district court; and the decree must be in all respects final when it goes up from the district to the circuit, who simply affirm, or reverse, or modify. After the accounting is had in the district court for whatever damages the appellee sustains, by loss of interest or otherwise, the only recourse is to be had to the bond given on the appeal.

Therefore, the decree cannot be final in the district court until all its behests have been carried out.

*Henry E. Davies,* for A. T. Stewart, relied on *Forgay* agt. *Conrad* (6 *Howard U. S. S. C. R.,* 201, *and* 7 *Wallace,* 342).

*A. H. Dana,* for Muller & Conger, execution creditors, relied on the fact that the decree was final as to his clients, and claimed that this appeal was good.

*E. M. Cullen,* for Galway & Son, other execution creditors, made the same points.

After advisement, the following opinion was delivered.

*Hon.* WARD HUNT, *Justice.*—The assignee moves to dismiss the appeal in this case, on the ground that it is prematurely brought.

It is insisted, 1. That there can be no appeal under the ·eighth section of· the bankrupt act, unless. the decree from

which the appeal is taken is a final decree. This was held to be the law in *Clark* agt. *Iselin* (9 *Blatch.*, 177), and I cannot doubt that the holding was correct. A case that may be appealed from the district to the circuit court may be appealed from the circuit to the supreme court of the United States.

A system which will permit a case thus to be carried up in a fragmentary condition, and to be separately appealed in parts, and from time to time, would be found to be impracticable. The courts would be entirely clogged and litigation would never come to an end.

In *Beebe* agt. *Russell* (19 *How.*, 284) the supreme court of the United States say: "It has been the object of this court, at all times, although an accidental deviation may be found, to restrict the cases which have been brought to this court, either by appeal or by writ of error, to those in which the rights of the parties have been fully and finally determined by judgments or decrees in the courts below, whether they were cases in admiralty, in equity or at common law." Various cases are cited in support of the position taken.

It is insisted, secondly, that the decree in this case is interlocutory merely, and not final. In the case already cited from 19 *Howard*, the court say: "A decree is understood to be interlocutory, whenever an inquiry as to a matter of law or fact is directed, preparatory to a final decision (*Opinion*, 322). * * * The most usual ground for not making a perfect decree, in the first instance, is the necessity which frequently exists for a reference to a master of the court, to make inquiries, or take accounts, or sell estates, and adjust other matters which are necessary to be disposed of before a complete decision can be come to upon the subject-matter of the suit; when a decree finally decides and disposes of the whole merits of the case, and reserves no further questions or directions for the future judgment of the court, or that it will not be necessary to bring the cause before the court again for its final decision, it is a final decree." It is added, that a

decree may be final, although directing a reference, if all the directions depending upon the result of the master's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, to give the parties the full benefit of the previous decision of the court (*Mills* agt. *Hoag*, 7 *Paige*, 18).

In the decree before us, it is adjudged that the conveyance by the bankrupts to Mr. Stewart was void, and that reconveyance should be made of the same to the assignee, and also that Mr. Stewart should account for and pay over to the plaintiff the rents and profits thereof, deducting lawful and proper credits and allowances from the time he acquired title to, and took possession of, the same.

It is further adjudged that the chattel mortgages given to Mr. Stewart are void, and that the proceeds of the same, now in court, belong to the assignee. Certain judgments set forth are declared not to be valid liens upon said fund, and certain judgments set forth are declared to be valid liens on the real estate described.

It is further ordered that the three sheriff's officers named are entitled to compensation for their services in levying upon said property; and for the purpose of ascertaining said compensation a reference is ordered to a master, to inquire into and hear the evidence of the different parties in interest as to said matter, and to report with his opinion what would be a proper sum to be allowed therefor, and that such further decree may be made on those questions as shall seem proper on the coming in of such report.

A reference was ordered to the same master to take and state an account of the rents and profits of the houses and lots mentioned; in such hearing to require the attendance of witnesses and parties, and that he report to the court with all convenient speed.

The two references provided for are important in their character, involving the examination of disputed facts and the settlement of complicated questions of law; what shall

Platt agt. Stewart.

be held to be the rule of recovery for the rents and profits in such case may, and ordinarily does, depend upon a great variety of facts, and involves results essentially different in different cases.

It may be that the limit of recovery will be that of actual receipts; it may be of what the holder ought to have received. The question of allowance for betterments or improvements sometimes involves the nicest questions of law.

These remarks are applicable also to the question of compensation to the sheriffs. All these questions, upon the coming in of the master's report, must be submitted to and be passed upon by the court. In no just sense, therefore, can the decree in these respects be deemed a final one.

It is obvious, upon the face of the decree, that it was not intended as a final decree; thus, although the conveyance to Mr. Stewart is adjudged to be void, it is not ordered that he deliver, at once and unqualifiedly, the deeds of reconveyance to the assignee; on the contrary, such reconveyance is not to be made until twenty days after service of a certified " copy of a decree hereafter to be entered, after such accounting as the final decree in the cause." The same language is repeated in another part of the decree.

In this respect the present decree differs from that in *Forgay* agt. *Conrad* (6 *How. R.*), where the decree decides the whole matter in controversy and directs the immediate delivery of the property to the party entitled.

That that case does not control the present is apparent from the subsequent case of *Beebe* agt. *Russell* (19 *How.,* 283), where it was held that a decree referring it to a master to take an account of rents and profits upon evidence and from an examination of the parties, and to make allowances affecting the rights of the parties, and to report the results to the court, was not a final decree.

A dismissal of this appeal involves only a delay until the completion of the proceedings referred to.

The motion to dismiss the Stewart appeal is granted.

The various counsel then were heard on the motion to dismiss the appeals of the execution creditors. The court took time to consider, and delivered the following opinion :

*Hon.* WARD HUNT, *Justice.*—The appeal of Mr. Stewart having been dismissed, he is no party to this record in the circuit court; yet this court are called upon by the execution creditors, on their appeals, to dispose of the fund in court, the proceeds of the furniture of the Metropolitan hotel, on which Mr. Stewart claims he has a valid chattel mortgage, which, it is true, the court below have decided to be invalid, but from which decision Mr. Stewart desires and intends again to appeal when the decree is sufficiently final in the court below for him to do so.

It is evident, therefore, that to hear these execution creditors on their appeal now, might be the means of depriving Mr. Stewart of his rights to that fund, without his having an opportunity to be heard on appeal, although strenuously endeavoring to do so. Mere notice to him of the argument of the appeal in this court is not enough; he is entitled to be a party to the appeal on the record.

Then, again, a cause cannot be taken up in an appellate court in this fragmentary way. It must be final as to all.

Then, again, the assignee who claims the whole of this fund in the court below is entitled to have but one controversy between all the parties claiming interests therein. It would be an anomaly for one portion of the claims to be litigated in this court and another in the court below, yet the different claimants not bound by each other's proceedings, unless parties to the record. The assignee is entitled to implead and have a decision as to all in the one tribunal, before it can be reviewed in an appellate court.

The decree appealed from must be final to all parties, and as to all rights claimed in the litigation sought to be argued anew on appeal.