## Case No. 508.

### The ARCHER.

[10 Ben. 99.][1]

District Court, S. D. New York. Sept. 1878.

PRACTICE—BONDING PROCEEDS OF VESSEL.

1. A libel was filed against a vessel on a bottomry bond. The default of all persons was entered except that of a claimant who was in possession at the time of the attachment of the vessel, claiming under mortgages overdue and unpaid. The vessel was sold and the proceeds paid into court. Both parties applied for leave to bond the proceeds. The libellants claimed that evidence already taken by the claimant, if unexplained or uncontradicted, established their right to the amount of their bottomry bond as against the vessel: Held, That, though, in a clear case, when the rights of the libellant were admitted, the court might permit him to take the money from the registry on giving proper security for its return, such was not this case, the libellants' right being denied in the pleadings, and the court would not prejudge it on a partial production of the evidence.

2. Motion of the libellants denied and motion of the claimant granted.

[In admiralty. Heard on motion of claimants to take out of registry the proceeds of sale of the vessel upon giving the customary bond. For report of hearing on the merits, see The Archer, Case No. 507.]

T. F. Meyer and R. D. Benedict, for libellants.

W. W. Goodrich, for claimants.

CHOATE, District Judge. Upon a libel on a bottomry bond, default having been entered against all persons except the claimants who, at the time of the attachment of the vessel, were in possession, claiming under mortgages overdue and unpaid, the vessel has been sold and the proceeds paid into the registry. The claimants now move for leave to take out of the registry the proceeds, upon giving the customary bond. The libellants also move to be allowed to take out the money on giving bonds, on the

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ground that the testimony already taken in the cause by the claimants, if unexplained or uncontradicted, establishes the right of the libellants to the amount of their bottomry bond as against the vessel. In a clear case, where the right of the libellant is virtually admitted, he might be permitted to take the proceeds from the registry, giving suitable security for its return; but that is not this case. The right of the libellants is disputed upon the pleadings, and the question can not be prejudged upon a partial production of the testimony. Their motion must therefore be denied. The claimants should be allowed to bond the proceeds, as they would have been entitled to bond the vessel, if still in the custody of the marshal. Their possession of the property has been interrupted by the process of the court to enable the libellants to prove their claim against it, and the same reasons which make it proper that parties from whose possession the vessel is taken should be allowed to bond her, make it also proper and right that they should on the like terms receive the possession of the money into which the vessel has been converted. The system of bonding is intended to mitigate the hardships attendant upon the seizure of the property, while at the same time affording to parties having claims to assert against it a reasonable security for payment of their claims. Upon the bonding of the proceeds the libellants will have all the security that libellants ordinarily have.

Motion of claimants granted.