### THE CHIEF.

(Circuit Court of Appeals, Third Circuit. December 2, 1905.)

No. 9.

1. ADMIRALTY—APPEAL—APPEALABLE ORDER.

An order of the District Court in admiralty dismissing a petition filed by the claimant of a vessel libeled in a suit for salvage, and which had been sold in such proceedings, which petition asked that claimant's right to the fund in the registry of the court be summarily determined under admiralty rule 43, and the claimant be allowed to withdraw the same on substituting a bond, is not a final decision in the cause from which an appeal will lie to the Circuit Court of Appeals.

2. SAME—PROCEDURE—INTERVENTION TO CLAIM FUND.

Admiralty rule 43, which provides for an intervening petition and a summary proceeding to determine the right of the petitioner to a fund in the registry of the court, does not authorize such a petition by the claimant of a vessel sold in a salvage suit before any proceeding for distribution of the fund by the clerk or commissioner has been taken under rules 57 and 58 to have such fund paid over to him on substitution of a bond.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

See 131 Fed. 400.

Alfred Driver, for appellant.

Francis S. Law, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. A libel for salvage was filed by the managing owner of the steamtug "R. C. Veit," in the District Court of the United States for the Eastern District of Pennsylvania, against the

steamtug "Chief," whereof the National Dredging Company is owner. Pursuant to due process issued by said court, the said steamtug "Chief" was taken into the custody of the marshal of the district. An answer was duly filed by the claimant and master of the steamtug "Chief," denying the right of the libelant to be compensated for salvage service, as alleged in the libel, and in other respects defending against the same. No attempt or offer to assert the rights of claimant under rule 11, to secure possession of the tug, upon entering stipulation for its value, was made by the respondents and claimants. An order of sale was accordingly made by the court to sell the steamtug "Chief" as perishable property, and the moneys, amounting to $5,650, arising from said sale, upon the marshal's return thereof, were paid into the registry of the court, where they have since remained. No testimony had been taken and no further proceedings had, when upon the 25th day of June, 1904, the National Dredging Company, as claimant, preferred its petition to the said District Court, stating the facts of the seizure, sale, payment of the proceeds into the registry of the court, and the ownership of the said steamtug "Chief." The petition also averred that no other libels or petitions of intervention, nor any independent libel or libels, had been filed in said suit against the said tug "Chief," or the proceeds of the sale thereof; also, that at the time of the attachment of the said tug "Chief," there were no outstanding bills or accounts, or any indebtedness against the said tug, or her owners, which could be enforced by a libel in rem, or against the proceeds of the sale now in the registry of the court. The petitioner then prayed that it might be permitted, under admiralty rule No. 43 of the Supreme Court of the United States, to intervene pro interesse suo, for a delivery of the fund in court arising from the said sale to the petitioner, and that the court would, upon notice to the libelants, proceed summarily to hear and determine the claim of petitioners to said fund, who were prepared to enter such bond or stipulation, as the court might deem proper and just. To this petition, the libelant filed his answer, in which, after the usual admissions and averments of want of knowledge as to the facts set forth in the petition, he proceeds as follows:

"(6) In further answer to the said petition the libelant avers that the said proceedings against the said vessel being in rem., and the vessel having been sold by the marshal under the said proceedings, the title thereto became free and clear of all claims, liens and debts of all kinds up to the date of the said sale in the hands of the purchaser; but that all of such possible claims still exist as against the fund of $5324.62 realized from the sale of said tug, and which is now in the registry of the court, and such claims may be filed against the said fund at any time until it is distributed by the court in accordance with the rules of law and practice of this Honorable Court. That the additional admiralty rules provide as follows:

" 'Rule 57.

" 'All moneys which may pass into the registry of the Court under proceedings in rem, shall be distributed upon report of the clerk or of a commissioner specially appointed.'

" 'Rule 58.

" 'The clerk or commissioner shall in such case give notice of his appointment and of the time and place for his action under the same, by publication

made at least six times during ten days, in two daily newspapers printed in the city of Philadelphia to be indicated by the Court, and by one publication in the Legal Intelligencer.'

"(7.) The libelant is advised by counsel and therefore avers that if the said fund now in the registry of the court is taken out and bond substituted, there would be nothing against which a claim could be filed by any person. That under the rules and practice of this Honorable Court the prayer of the said petitioner should be refused."

Rule 43, referred to in the petition, is as follows:

"Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceeding, to intervene pro interesse suo for a delivery thereof to him; and upon due notice to the adverse parties, if any, the court shall and may proceed to hear and decide thereon according to law and justice. And if such petition or claim shall be deserted, or, upon a hearing, be dismissed, the court may, in its discretion, award costs against the petitioner in favor of the adverse party."

In the matter of this petition for intervention under rule 43, the learned judge of the court below, on July 30, 1904, made the following order:

"This is a motion on behalf of the respondent to be allowed to take out a portion or the whole of a fund remaining in the registry of the court and to substitute a bond for such amount as is taken out. The practice heretofore in cases of this kind in this district, so far back as it can be ascertained, has been to distribute the fund in the registry in accordance with the provisions of the rules of court Nos. 57 and 58 in admiralty. Numerous applications have been made which have heretofore been refused. I am not, therefore, inclined by this order to establish a new practice. The application is therefore refused."

And afterwards, on September 26, 1904, the following additional order was made and signed by the same judge:

"Now, to wit, September 26, 1904. As the salvage claims and other claims that can lawfully come upon this fund have not yet been ascertained, the prayer of the petitioner for a summary hearing to permit the substitution of a bond for the fund is refused.

"By the court.                    James B. Holland, District Judge."

From this refusal of the court to permit the intervention asked for by the petitioner, the present appeal to this court is taken. We are met at the outset by the question of the jurisdiction of this court to entertain this appeal. The first paragraph of section 6 of the act of March 3, 1891, 26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549], defining the appellate jurisdiction of this court, reads as follows: ·

"Sec. 6. That the Circuit Courts of Appeal established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the District Court and in the existing Circuit Courts, in all cases other than those provided for in the preceding section of this act."

We are quite clear that the orders appealed from are not such final decisions as are referred to in the paragraph just quoted. In what sense a decision, judgment or decree of a lower court must be final, in order to invoke the appellate jurisdiction of either the Supreme Court or the Circuit Courts of Appeal, has many times been passed upon by these tribunals. Mr. Chief Justice Waite, in delivering the opinion of the Supreme Court in Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73, says:

"The rule is well settled and of long standing, that a judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered."

After referring to numerous decisions in the Supreme Court to the same effect, he says:

"If the judgment is not one that disposes of the whole case on its merits, it is not final. Consequently it has been uniformly held that a judgment of reversal with leave for further proceedings in the court below cannot be brought here on writ of error."

In Beebe v. Russell, 19 How. 283, 15 L. Ed. 668, this language from the opinion of the court specially commends itself as throwing light upon the sense in which the word "final" is used in the acts of Congress giving appellate jurisdiction to the Supreme Court and the Circuit Courts of Appeal:

"When a decree finally decides and disposes of the whole merits of a cause and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree."

Decisions upon the numerous motions and auxiliary proceedings which so constantly occur during the course of a trial, whether at common law or in equity or admiralty, are clearly not final in the sense of the statute referred to. They are incident to the progress of the cause, but do not decide or dispose of its merits. The judgment of the court is still to be pronounced in such a way as to end the litigation between the parties, so far as a court of first instance is concerned. Until such judgment or decree is pronounced, the case is not finally decided, so as to be reviewable in an appellate court. Again, many of these subsidiary and auxiliary orders of the court during the progress of the trial, rest within the sound discretion of the court making them, and on that account are not reviewable on writ of error or appeal.

Rules 57 and 58 of the additional rules in admiralty, are expressly and clearly applicable to all money which may pass into the registry of the court under proceedings in rem. They require that the clerk or commissioner of the court shall, in all cases, upon due notice published in a prescribed manner, and after hearing, or opportunity therefor, proceed to an ordered distribution of said fund, and report the same to the court. Opportunity is thus given for all persons in interest to make and prove a claim against such fund. Rule 43 of the rules promulgated by the Supreme Court for the courts of the United States, in admiralty and maritime jurisdiction, was probably intended to apply to the cases where such order of distribution had been made, so as to enable the party to intervene pro interesse suo, for a delivery to him of the sum to which he is entitled by virtue of such distribution. However this may be, we do not think that rule 43 can confer a right upon the petitioner in this case, at this stage of the cause in the court below, before any proceeding for distribution by clerk or commissioner has been taken under admiralty

rules 57 and 58, to demand a summary hearing as to claims against said fund, and that he shall be permitted to give bond for any amount which may, in such summary hearing by the judgment of the court, be awarded to him.

Rule 43 evidently refers to cases where a person claims such an interest in the proceeds in the registry of the court, as entitles him to recover the whole or part thereof as rightfully belonging to him, without the necessity of further adjudication than that authorized and required by the rule. Money so adjudicated requires no bond to be given in lieu thereof. Where, however, the petitioner asks that money in the registry of the court be turned over to him, pending the determination of possible outstanding rights thereto, on the suggestion of his ownership of the res, out of which the fund was realized, he giving a bond for its security, the sound discretion of the court, in view of the state of the case and the exigencies of the situation, is invoked. To such a case rule 43 as referred to, is obviously not applicable. The case of The Archer, 10 Ben. 99, Fed. Cas. No. 508, was not under rule 43, but was a motion addressed to the discretion of the court, by a mortgagee in possession, to take out of the registry the proceeds of a sale of the vessel, which was made in the course of proceedings by libel on a bottomry bond. In his opinion granting the motion, Judge Choate says that default had been entered against all persons, except the claimants, who at the time of the attachment were in possession. After denying a like motion of the libelants, upon the grounds stated, he says:

"The claimants should be allowed to bond the proceeds as they would have been entitled to bond the vessel," etc.

The order was accordingly made in the exercise of the discretion of the judge on the peculiar facts of the case, and apparently pursuant to a practice which does not seem to obtain in the Eastern District of Pennsylvania.

We think the court were right in detaining this sum until the final disposition of the cause and the ascertainment of any claims that might exist against it. It must be remembered that there is no fund now in the court to which this petitioner can be said to have a right. The interest for which he may intervene even under rule 43, is an interest contingent as to existence and amount upon the final determination of the salvage suit and the ascertainment of the claims, if any, existing against it under the ordinary proceedings for distribution.

Upon the ground, however, that the order appealed from is not a final decision, in such sense as to be reviewable here, the appeal must be dismissed.