### VICKSBURG WATERWORKS CO. v. MAYOR, ETC., OF CITY OF VICKSBURG.

(Circuit Court of Appeals, Fifth Circuit. April 25, 1907.)

#### No. 1,641.

APPEAL—FINAL ORDER.

Complainant, having obtained an injunction against the maintenance of certain suits in a state court affecting its water rights and right to cut off service in order to coerce payment of back debts, filed a bill, the object of which was to have defendants made parties to the original bills,

and to obtain against them a perpetual injunction restraining further prosecution of certain suits which defendants had brought in a state court for the same purpose. *Held*, that a order modifying a temporary restraining order against defendants, so as to permit them to prosecute their suits in the state court with reference to questions not determined in the prior proceedings, but not determining the cause on the merits nor ordering that the bill or motion be dismissed, was not a final order from which an appeal could be taken.

[Ed. Note.—Finality of judgments and decrees for purposes of review, see note to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co. et al., 28 C. C. A. 482.]

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

In certain suits, No. 41, and ancillary proceedings thereto, No. 79, of the docket of the Circuit Court, entitled Vicksburg Waterworks Company v. Mayor and Aldermen of the City of Vicksburg, theretofore brought and decided, the last branch of the same being now pending in the Supreme Court of the United States, the Vicksburg Waterworks Company, complainant, filed a so-called motion making new and additional parties defendant, praying for a perpetual injunction and for a rule upon such defendants to show cause why they should not be attached for contempt for the violation of the decrees of the court theretofore rendered and of the injunctions granted in such cases, and for reasons gave a full statement of the previous litigation and the decrees rendered therein. The decree in No. 79 was particularly set forth as follows:

"This cause coming on to be finally heard at this the January term, 1906, of this court, upon the original bill of complaint and the answer of the defendant thereto, and all of the exhibits which are made such, to said original bill of complaint and said answer, and all of the other pleas and proceedings in this cause, together with a certified copy of the charter of the said Vicksburg Waterworks Company, which is filed in the records as evidence in this cause, also the petition of defendant for a modification of the temporary injunction granted in this cause, so that the complainant shall not be authorized to cut off water from its patrons who refuse to pay the rates of complainant, claiming the right to have the injunction modified by virtue of the ordinances of the defendant, fixing water rates; and the motion of complainant to have said injunction granted heretofore made perpetual, and the court having heard the argument of counsel, and being fully advised in the premises, and being satisfied that the complainant is entitled to the relief prayed for in its bill of complaint and for full relief, it is thereupon finally ordered, adjudged and decreed:

"First. That the defendant, the mayor and aldermen of the city of Vicksburg, be and is hereby denied the relief prayed for in its petition, to wit: That the injunction be modified so that the mayor and aldermen of the city of Vicksburg shall not be restrained from enforcing the ordinances passed by them fixing the water rates and prescribing rules and regulations of the Vicksburg Waterworks Company, and that the Vicksburg Waterworks Company shall not be permitted to cut off patrons' water, provided patrons pay the rates fixed in said ordinances.

"Second. That said defendant be and is hereby enjoined from enforcing the said three ordinances described in said bill, to wit: An ordinance entitled 'An ordinance to fix and prescribe maximum rates and charges for water supplied to the inhabitants of the city of Vicksburg whether measured by meters, and for other purposes,' approved the 20th day of April, 1904; an ordinance entitled 'An ordinance to fix and prescribe maximum flat rates and charges for the supply of water to consumers in the city of Vicksburg and for other purposes,' approved the 20th day of April, 1904; and an ordinance entitled 'An ordinance to require waterworks, gas and electric light companies to present bills before charging damages for a failure to pay them when due,' approved the 8th day of December, 1903, so far as the latter relates to complainant.

"Third. That the restraining order heretofore granted in this cause on the 11th day of January, 1905, be, and the same is hereby, made perpetual.

"Fourth. That said defendant be, and is hereby, enjoined from in any manner interfering with complainant's contract rights under its said contract with the city of Vicksburg entered into between Samuel R. Bullock & Co. and said city under the ordinances of November 19, 1886.

"Fifth. That the defendant be, and is hereby, enjoined from interfering with the rules and regulations of complainant, the Vicksburg Waterworks Company, and the water rates for the inhabitants of the city of Vicksburg now in force, established by the Vicksburg Waterworks Company.

"Sixth. That said defendant be, and is hereby, enjoined from interfering with the water rates known as 'flat rates,' now in force established by the Vicksburg Waterworks Company.

"It is further ordered, adjudged, and decreed that the defendant pay all costs of this cause.

"Finally ordered, adjudged, and decreed this the 3d day of January, A. D. 1906.

                                        "H. C. Niles, Judge."

Among other things, it was averred:

"Your orator would show that notwithstanding the decree and injunctions of this honorable court, as hereinabove set forth, and notwithstanding that the Supreme Court of the state of Mississippi has decreed that suits of the character of the suits filed by defendants can not be brought in the state courts, and notwithstanding defendants full knowledge of all the proceedings hereinabove set forth, the said defendants, either as complainants, or as attorneys for complainants, as will be hereinafter more particularly stated, have willfully and maliciously filed suits in the chancery court of Warren county, Miss., based on alleged invalidity, illegality, and unreasonableness of various of your petitioner's rates, rules, and regulations and have obtained temporary injunctions, some prohibitory, and some mandatory, restraining your orator from enforcing its rates, rules, and regulations, and especially the cutting off of the water from defendants' premises for nonpayment of back bills, commanding defendant to turn on the water again where it has been cut off because of the nonpayment of past due bills of defendants, thereby willfully, maliciously, and unlawfully committing acts in violation of said decrees and injunctions of this honorable court."

The complaint then proceeds with argumentative averments showing the right of the complainants to enforce its rules and regulations, and how the defendants were in contempt, and the said motion concludes with the following prayer:

"Wherefore, your orator prays that your honorable court grant an order requiring defendants J. C. Bryson, J. B. Dabney, Harris Dickson, A. O. Hardenstein, Mrs. Thos. H. Dickson, T. M. Searles, G. W. Crock, Lizzie Sanguinetti, Annie Sanguinetti, Mary Sanguinetti, Delia Lanceskes, and Lena Youngblood to show cause why they should not be attached for contempt of this court in violating said decrees and injunctions in said suit No. 41, and said suit No. 79, ancillary thereto, and upon the petition of your orator to grant said alias and pluries writs of injunction which were issued on the 2d day of April, 1906, upon petition of your orator, by filing their bills of complaint containing the said contemptuous averments in the chancery court of Warren county, Miss., as aforesaid; and that they and each of them, their agents, servants, and attorneys, be restrained by order of this court from proceeding further in the prosecution of said suits in the chancery court of Warren county, Miss., until this motion for contempts shall have been heard and a final order made herein; and that, upon said final hearing hereof, they and each of them, their agents, servants, and attorneys, may be perpetually restrained from further prosecution of said suits or any of them; and that your orator may be awarded its said damages in the sum of $675 to be paid by said defendants, and such other and further damages as your orator may suffer hereafter in the premises; and that the costs of this proceeding be required to be paid by defendants. And for such other and further relief as the facts may demand, and as in duty bound your orator will ever pray," etc.

Upon this motion, the judge made the following order:

"To the Clerk of the Circuit Court of the United States for the Southern Dis-
trict of Mississippi:

"You will issue a restraining order commanding the said defendants in the
foregoing motion to refrain from doing any further act in further prosecution
of the said suits in the chancery court of Warren county, Miss., which are
named in said motion, until the further order of this court. And you will
also issue an order commanding said defendants to appear before this court on
the first Monday in November, 1906, unless another time and place shall be
fixed upon application of said defendants, by order of this court, and show
cause, if any, as prayed for in said motion, why they should not be attached
for contempt for violating the decrees and injunctions heretofore rendered
and issued in said suits in this court entitled 'Vicksburg Waterworks Company
v. Mayor and Aldermen of the City of Vicksburg,' No. 41, equity, and said suit
known as No. 79 of the same title, ancillary to said No. 41, as set out in said
motion.

"Sept. 1st, 1906.　　　　　　　　　　　　　　　　H. C. Niles, Judge."

The several respondents filed an answer to the motion, and also a demurrer
to the same. The answer is lengthy, and puts at issue many facts alleged in
the motion.

The demurrer gave as grounds: First. That it does not appear from the
said complaint that the said respondents or any of them were parties to either
suit No. 41 or No. 79, equity, the decrees whereof are alleged to have been vio-
lated by said parties respondent; second, that the said complaint is otherwise
insufficient in law to charge defendants with contempt or any other misde-
meanor.

On a day fixed, the matter came on to be heard, and the following decrees
were rendered:

"Vicksburg Waterworks Co. v. Mayor and Aldermen of the City of Vicks-
burg. Nos. 41 and 79, Eq.

"Decree in Contempt Proceedings.

"This day this cause coming on to be heard on petition of complainant and
exhibits, and the answer of defendants and exhibits, upon motion to dissolve
the restraining order heretofore granted herein, and the court having heard the
argument of counsel for the respective parties, and having considered the mat-
ter, it is thereupon ordered, adjudged, and decreed that said restraining order
be and the same is hereby modified in the following particulars, to wit: The
defendants herein shall be permitted to prosecute said suits heretofore filed by
them against complainants in the chancery court of Warren county, Miss.,
in so far as they, and upon the allegations in the several bills contained which,
do not contravene and are not in conflict with any of the rates, rules, and regu-
lations of complainant the Vicksburg Waterworks Company, which are made
Exhibit A, to its petition herein and heretofore adjudicated by this court to be
reasonable. But any other questions contained in said suits, this court does
not restrain said defendant from trying in the chancery court of Warren coun-
ty, or in any other county, or in any other court or county. And the court is
further of the opinion that in cases where there is a claim for arrears due on
a water bill from the consumer to the waterworks company, and the consumer
tenders payment for future services under the rules and regulations of the
complainant waterworks company, that the said waterworks company has no
legal right to cut off the water of said consumer solely for the purpose of
coercing payment for prior service; but the said waterworks company must
proceed to collect the past due indebtedness as other debts collected under the
law.

"It is therefore ordered, adjudged, and decreed that the said restraining or-
der be modified in accordance with these views, and to that extent dissolved
and vacated, and that complainants pay the costs of this proceeding.

"Ordered, adjudged and decreed this the 14th day of November, 1906.

"H. C. Niles, Judge."

"Vicksburg Waterworks Co. v. Mayor and Aldermen of the City of Vicksburg. Nos. 41 and 79. Equity.

"The above-styled matter coming on to be heard on the motion of the complainant, the Vicksburg Waterworks Company, to have the defendants J. C. Bryson, J. B. Dabney, Harris Dickson et al. cited to show cause why they should not be punished as and for a contempt, and upon the demurrer of the said defendants to the said motion, and the court, having heard and considered the said motion on the said demurrer, is of the opinion that the said demurrer is well taken, and that the said motion should be dismissed in so far as it charges contempt against the said parties.

"It is therefore ordered, adjudged, and decreed that the said demurrer be sustained, and that said defendants named in said petition be, and they are hereby, purged of contempt by reason of the matters and things set forth and charged in said motion, and that complainant pay the cost of this proceeding.

"Ordered, adjudged, and decreed this the 14th day of November, 1906.

"H. C. Niles, Judge."

From these two decrees the Vicksburg Waterworks Company sued out this appeal, assigning many errors in the same.

Robert L. McLaurin, Amos A. Armistead, and E. L. Brien, for appellant.

J. C. Bryson and Harris Dickson, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

After stating the case as above, the opinion of the court was delivered by PARDEE, Circuit Judge.

The appellees move to dismiss this appeal, because neither of the decrees above mentioned is final. At the bar the appellant abandoned the appeal so far as the contempt proceedings are concerned, but insists on the errors assigned as to the first-mentioned decree. Leaving out of consideration the charge of contempt for violation of former decrees, and treating the so-called motion as a bill in equity, the object was to have the respondents made parties defendant in the bills already decreed upon, and to obtain against them a perpetual injunction restraining them from further prosecution of certain suits pending in the chancery court of Warren county, Miss. In the way of passing upon complainant's right to such relief, the Circuit Court issued a temporary restraining order, and thereafter, on a hearing, modified the restraining order. Beyond this modified restraining order, the court has not decided as to the relief the complainant is entitled to, unless it be in the opinion and ruling found in the modifying order, to wit:

"And the court is further of the opinion that in cases where there is a claim for arrears due on a water bill from the consumer to the waterworks company, and the consumer tenders payment for future service under the rules and regulations of complainant waterworks company, the said waterworks company has no legal right to cut off the water of said consumer solely for the purpose of coercing payment for prior service; but the said waterworks company must proceed to collect the past due indebtedness as other debts collected under the law."

It is contended that as the rules and regulations of the complainant, as approved by final decree in the ancillary proceeding No. 79, allowed the cutting off of water from a consumer to coerce payment for prior services, and as the court has, in modifying the restraining

order, expressly held to the contrary, the court has finally passed on the merits of the original motion, and the decree is final. To support this contention, the counsel cite French v. Shoemaker, 12 Wall. (U. S.) 86, 20 L. Ed. 270, as follows:

"Objection is made that the decree is not final, because it does not in terms dismiss the cross-bill; but the court is of the opinion that the statement contained in the decree that the equity of the case is with the complainant by necessary implication disposes of the cross-bill as effectually as it does of the answer filed by the appellant to the original bill of complaint. Leave, it is true, is given to either party to apply at the foot of the decree for such further order as may be necessary to the due execution of the same, or as may be required in relation to any matter not finally determined by it: but it is quite apparent that the reservation was superadded to the decree as a precaution, and not because the court did not regard the whole issue between the parties as determined by the decree. Such was doubtless the view of the Chief Justice who passed the decree, as the application for the appeal was made to him at the same term, and was immediately granted without objection."

Again:

"Unquestionably, the whole law of the case before the court was settled by the Chief Justice in that decree, and as nothing remains to be done, unless a new application shall be made at the foot of the decree, the court is of the opinion that the decree is a final one, as it has conclusively settled all the legal rights of the parties involved in the pleadings." Forgay v. Conrad, 6 How. (U. S.) 202, 12 L. Ed. 40; Thomson v. Dean, 7 Wall. (U. S.) 342, 19 L. Ed. 94; Beebe v. Russell, 19 How. (U. S.) 283, 15 L. Ed. 668, supra. Also, section 503, Foster's Fed. Pr.; Am. & Eng. Enc. Pl. & Pr. vol. 2, pp. 66, 72, to like purport.

And counsel say:

"No clearer distinction between an interlocutory or administrative order, and a final decree, can be found, than that given in the above authorities. An examination of the final decree in this cause, on page 666 of the record, shows clearly that the court so understood it to be a final decree, and this is a fact to be considered, for it fixed the rights of the parties as set up in the pleading, and taxed the cost against complainants [appellants here]. As far as the pleadings in this cause went, there was nothing else for the court to decide. The matter was at an end. There was no other report to court to be had, no other facts to hear. The rights of the parties were fully heard and finally adjudicated by this decree, and the complainant was taxed with the cost, as above stated, showing that the court understood that this decree was final on the pleadings presented in this cause."

To all this, we say that the authorities cited, though unquestionably stating correct rules, are not controlling on the facts shown in this record. No matter what the judge may have thought he was deciding, and although he gave a judgment for costs, he did not, in the decree in question, grant or dismiss the motion bringing the defendants into court, and he has left for future decision the main question presented on the motion, i. e., whether the respondents shall be in any wise perpetually restrained from further prosecution of the suits in the chancery court of Warren county, Miss., and pending the decision of that question they are temporarily restrained from such prosecution; true, not to the extent desired by the complainant, because the judge in modifying the original restraining order gave a construction temporary, not final, of certain rules of the company relating to the cutting off of water from nonpaying consumers.

It frequently occurs that all the law of a case is settled by the rul-

ing on demurrer; but, unless the ruling is followed by a dismissal of the bill, there is no final decree. Here, the court's ruling goes only to a part of the case, and the bill or motion is not dismissed. The case presented is anomalous, if not unique, involving interesting questions of practice; but as yet no final decree has been rendered, and without a final decree our jurisdiction to review does not attach.

Appeal dismissed.