## FIDELITY TRUST CO. v. BOARD OF EDUCATION OF CITY OF CHICAGO.

### No. 9549.

United States Court of Appeals
Seventh Circuit.

May 19, 1949.

Frank R. Schneberger, Richard S. Folsom, Chicago, Ill. (Frank S. Righeimer, James W. Coffey, Chicago, Ill., of counsel), for appellant.

Howard B. Bryant, Avern B. Scolnik, Benjamin S. Adamowski, Joseph F. Grossman, Herman Smith, and Leonard C. Mead, Chicago, Ill., Arthur W. Henderson and Moorhead & Knox, Pittsburgh, Pa., for appellee.

Before MAJOR, Chief Judge, MINTON, Circuit Judge, and LINDLEY, District Judge.

MINTON, Circuit Judge.

There is only one appeal here and only one question presented. The Board of Education of the City of Chicago, hereafter referred to as the Board, is the only appellant. It appeals from that portion of a judgment of November 12, 1947, which vacated a permanent injunction and a reference for an accounting entered July 13, 1937, against the Board and others, enjoining them from paying on outstanding tax warrants, issued in anticipation of the payment of taxes, from funds then on hand or thereafter collected from the 1929 levies for educational and school building purposes, in their numerical order or in any way except pro rata.

In 1936, as holder of certain of these warrants, the Union Trust Company of Pittsburgh, a predecessor in trust of the Fidelity Trust Company, hereafter referred to as Fidelity, brought suit in the District Court for the Northern District of Illinois against the Board of Education of the City of Chicago, a municipal corporation; James B. McCahey, the Board's President; the City of Chicago; Edward J. Kelly, the Mayor; Gustave A. Brand, the City Treasurer; and Robert B. Upham, the City Comptroller, for an accounting and for an injunction restraining the defendants from paying any of the tax funds collected or to be collected under the 1929 educational and school building levies to warrant holders except upon a pro rata basis. The Board answered, contending that the statutory law of Illinois required the warrants to be paid numerically instead of pro rata and that the obligation under the warrants was not one of the Board but was payable exclusively from the particular tax levied against which the warrants were drawn. The District Court, following the mandate and opinion of this Court in Board of Education v. Norfolk & Western R. Co., 7 Cir., 88 F.2d 462, involving the same kind of warrants, entered a decree enjoining the defendants from paying on the anticipation tax warrants from the proceeds of the respective 1929 tax levies in any manner except pro rata, and ordered an accounting as to all moneys at any time received by said defendants, or either of them, as proceeds of the aforesaid tax levies against which the tax anticipation warrants owned and held by the plaintiffs were issued; and that the plaintiff Union Trust Company, and each of the interveners-coplaintiffs, Chase National Bank, First National Bank of Boston, First Service Corporation, and Marie L. Reuther, have and recover of the defendant a pro rata share of the proceeds of these tax levies received and to be re-

ceived by the defendants. A pro rata share was defined as that proportion of the proceeds of each levy which the total amount of warrants owned and held by each plaintiff bore to the total amount of warrants issued against the levy from which the warrants were to be paid.

The cause was referred to a master to take and state an account between the parties and ascertain the amounts due the plaintiffs from the defendants; to hear the parties and take testimony with respect to the issues referred to the master; and to report his findings of fact and conclusions of law to the court with all convenient speed.

No attempt was made to appeal from this decree. What the master did does not appear from this record, but it is undisputed that, in pursuance of the decree of July 13, 1937, and in conformity therewith, the Board disbursed to warrant holders, including Fidelity and the other plaintiffs, over three million dollars of the 1929 tax collections, of which Fidelity received $298,800.

In the meantime, proceedings were going on in the state courts of Illinois to determine whether the warrants should be paid pro rata, as the federal court had ordered at the suit of Fidelity and the other plaintiffs, or numerically, as the Board had contended. In fact, Fidelity, after having received $298,800 on its warrants on a pro rata basis pursuant to the decree which it had obtained in the District Court, realized that it could now get more by claiming payments on a numerical basis, since its warrant numbers were low and since the Supreme Court of Illinois had clearly held on January 17, 1945, in Lubezny v. Ball, 389 Ill. 263, 59 N.E.2d 645, that these warrants were payable numerically under the Illinois law and not pro rata. Fidelity therefore filed a mandamus suit in the state courts against the Board to require the Board to pay its warrants numerically instead of pro rata. In rather plain, blunt language the Supreme Court of Illinois in State Life Ins. Co. v. Board of Education, 394 Ill. 301, 68 N.E.2d 525, held that Fidelity could not recover because the judgment it had obtained in the federal court was res adjudicata to the proceedings in the state court; that the case in the federal court having been decided and unappealed from, it was the law of the case; and that Fidelity should not be permitted to shift its position, the court saying: "A situation which would permit or countenance such vacillating trifling in the administration of justice cannot be tolerated." 394 Ill. at page 321, 68 N.E.2d at page 535.

When Fidelity failed in the state court, it turned again to the District Court. On December 9, 1946, Fidelity filed in the District Court a motion to vacate the interlocutory decree of July 13, 1937, and for leave to file an amended complaint. The reason for the motion to vacate was that the decree was erroneous in that it declared the 1929 tax funds should be distributed pro rata instead of numerically—this notwithstanding the fact that the decree had been acted upon and over three million dollars paid out in the last ten years, of which Fidelity received its share. On November 12, 1947, the District Court vacated its decree of July 13, 1937, and permitted Fidelity to file an amended complaint, the allegations of which are voluminous, charging the defendants with many things not alleged in the original complaint and seeking to compel the Board and other defendants to do just the opposite of what Fidelity had in the first instance coerced them to do.

Even after its clear and vigorous announcement in State Life Ins. Co. v. Board of Education, supra, and after the District Court had vacated the decree of July 13, 1937, the Supreme Court of Illinois had the rights of Fidelity before it again. The Supreme Court once more declared that it would be inequitable to pay the warrants on the 1929 tax levies on other than a pro rata basis.

The parties below and here have treated the decree of July 13, 1937, as interlocutory and the matter sub judice. Each party tried to get its version of a vacation order adopted. The District Court took the view that the matter was sub judice and that its decree of July 13, 1937, was interlocutory, and sustained the motion to vacate the whole decree as contended for by Fidelity. The Board made a motion to vacate the

order to vacate, which was denied by the District Court.

We think the decree of July 13, 1937, was interlocutory and the matter sub judice because the decree of July 13, 1937, granting a permanent injunction also provided for a reference to a master to take and state an account, to hear and determine the issues between the parties on the accounting, and to make findings of fact and state his conclusions of law thereon. This clearly contemplated further action by the court. It was not merely a ministerial task to be done by the master. Since the decree clearly contemplated further action by the court, it was not final. Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731; Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; McGourkey v. Toledo & Ohio C. R. Co., 146 U.S. 536, 13 S.Ct. 170, 36 L.Ed. 1079; Beebe et al. v. Russell, 19 How. 283, 60 U.S. 283, 15 L. Ed. 668; Lockwood v. Wickes, 8 Cir., 75 F. 118. Since the decree of July 13, 1937, granted an injunction, it was appealable under 28 U.S.C.A. § 227 [now § 1292], and it was not final but interlocutory.

Since it was an interlocutory decree and the matter was sub judice, the District Court could at any time reconsider and reform its decree or any part thereof. Marconi Wireless Tel. Co. v. United States, supra, 320 U.S. 1, at page 47, 63 S.Ct. 1393, 87 L.Ed. 1731. This the District Court did by its order of November 12, 1947, vacating the order of July 13, 1937. The latter decree being interlocutory, the order vacating it and the order overruling the motion to vacate the order to vacate were all interlocutory and at this stage neither was an appealable order. Unlike the situation when the interlocutory decree of July 13, 1937, was entered granting an injunction which could have been appealed from under 28 U.S.C.A., supra, no such appeal lies here.

Inasmuch as the order appealed from is wholly interlocutory and not appealable, we have no jurisdiction. Beebe et al. v. Russell, supra; 28 U.S.C.A. § 225 [now §§ 1291-1294]. When a final judgment is reached below, all the questions of the manner in which the tax funds shall be disbursed, whether a proceeding can be taken against the defendants for an accounting or otherwise, and the propriety of the filing of the amended complaint may be considered here. In the present state of the record, since there is no appealable order the appeal must be dismissed.