**P. DAUSSA CORP. and Sutton Cosmetics, Inc., Appellees,**

v.

**SUTTON COSMETICS (P.R.) INC. et al., Appellants.**

**No. 905, Docket 72–1532.**

United States Court of Appeals, Second Circuit.

Argued June 8, 1972.

Decided June 20, 1972.

Armand E. Lackenbach, New York City (Lackenbach & Lackenbach and Elliot A. Lackenbach, New York City, on brief), for appellees.

Morton Amster, New York City (Amster & Rothstein and Alfred B. Engelberg, New York City, on brief), for appellants.

Before FRIENDLY, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

LUMBARD, Circuit Judge:

Sutton Cosmetics (P.R.) Inc. [hereinafter Sutton] appeals from Judge Motley's denial of a preliminary injunction which Sutton had requested to keep P. Daussa Corp. [hereinafter Daussa] from selling Daussa's "Sutton" products in competition with Sutton's "Sutton" products. We reverse.

Until June of 1970, "Sutton" was a registered trademark held by the Schering Corporation and used by it to market "Sutton" toiletry products. In June, 1970, Schering determined to discontinue its "Sutton" sales and to abandon the "Sutton" mark. Though several companies, including the parties to this case, were interested in buying the mark, Schering refused to sell it and chose instead formally to abandon the mark by making the appropriate filing at the Patent Office. Schering did sell its "Sutton" inventory, however, the three major purchasers being Sutton, Daussa and E. W. Abrahams, Ltd., a Jamaican, B.W.I. company.

In September 1970, Sutton, using the Schering inventory, began sales of "Sutton" products in Puerto Rico, Dade County, Florida and metropolitan New York City. The Schering inventory was exhausted by December 1970, but Sutton began to manufacture "Sutton" products and continued its "Sutton" sales.

On March 6, 1972, Daussa made a single sale of its "Sutton" products in New York City. This is the only sale upon which Daussa has based its rights to use of the "Sutton" mark in the United

States. Daussa's "Sutton" packaging is nearly identical to Sutton's packaging, each being blue-and-white with the same type lettering and very similar formats.

Daussa then commenced this suit, asking declaratory relief and injunctive relief that it was the sole owner of the "Sutton" mark and that Sutton was prohibited from using the "Sutton" name or passing off its products as of Daussa origin. Daussa further sought an accounting and damages. Sutton counterclaimed and asked that Daussa be preliminarily and permanently enjoined from making use of the "Sutton" mark.

On March 10, 1972, Judge Metzner issued a temporary restraining order enjoining Daussa from selling its "Sutton" products in competition with Sutton. At Daussa's request, the temporary restraining order was extended to April 11, 1972, when the case was submitted to Judge Motley on written affidavits for a determination whether a preliminary injunction should issue.

On May 16, 1972, Judge Motley denied the motion for a preliminary injunction and dissolved the temporary restraining order on the ground that Sutton had failed to show the necessary "irreparable injury" to warrant the issuance of a preliminary injunction. This court stayed Judge Motley's order and reinstituted the temporary restraining order pending determination of this expedited appeal.

■■ The legal questions raised by the attempt of several companies to acquire rights in Schering's abandoned "Sutton" trademark have only recently been the subject of this court's attention. Sutton Cosmetics (P.R.) Inc. v. Lander Co., Inc., 455 F.2d 285 (2d Cir. 1972). There, in affirming the issuance of a preliminary injunction in favor of Sutton against the Lander Company, this court implicitly held that, in trademark cases, confusing similarity between marks is sufficient injury to warrant the issuance of a preliminary injunction. 455 F.2d at 288. Assuming that one party has established superior rights in a mark, an injunction will issue if the infringing mark "is likely to cause confusion, cause mistake or deceive." Hills Brothers Coffee, Inc. v. Hills Supermarket, Inc., 428 F.2d 379, 380 (2d Cir. 1970). Sutton's and Daussa's marks are nearly identical and, sold side by side, are certainly "likely to cause confusion, cause mistake or deceive."

■ To be entitled to relief, however, Sutton must show not only confusing similarity, but priority of right over Daussa to the use of the Sutton mark. Our opinion in *Lander* holds that an abandoned trademark is fair game for any merchant or manufacturer who seeks to use it. But when the mark is used by one company, later entrants into the field can use the mark, if at all, only by appropriately differentiating their product from the first company's.

■ The undisputed facts establish both that Sutton began its sales of "Sutton" products in September 1970, some 18 months before Daussa, and that the packaging used by Daussa is nearly identical to that used by Sutton and would deceive a consumer. As Daussa entered the cosmetics field later than Sutton and made no attempt to differentiate its product from Sutton's, under the principles of the *Lander* opinion, Sutton is entitled to a preliminary injunction halting Daussa's sale of "Sutton" products.

■■ We think it appropriate to emphasize, as we did in *Lander*, that we are only deciding whether a preliminary injunction should issue. At a plenary hearing, Daussa may be able to establish facts which will allow it to use the "Sutton" mark. For example, Daussa may prove that it entered the market sufficiently early to be equally entitled with Sutton to the use of the "Sutton" mark. In such case, to protect the public, each company would have to differentiate its product from that of the other company and perhaps also from the original "Sutton" mark. Alternatively, Daussa may establish that "Sutton" is a weak mark

and that, with appropriate differentiation and, absent passing off, it will be entitled to make use of the "Sutton" mark.

The district court is directed to enter a preliminary injunction similar to that prescribed by use in Sutton Cosmetics (P.R.) Inc. v. Lander Co., Inc., *supra*. Sutton urged at oral argument that its sales patterns have broadened significantly since our *Lander* opinion. If it is able to submit appropriate evidence to substantiate this claim, the district court should consider widening the geographic area of the preliminary injunction.

As the case must be remanded for trial on precisely the same issues as those in the *Lander* case, and some facts which are common to both cases, we direct that the two cases be consolidated for trial before the same judge.

Reversed.