**CHARLIE'S GIRLS, INC., Plaintiff-Appellee,**

v.

**REVLON, INC., Defendant-Appellant.**

No. 1126, Docket 73–2022.

United States Court of Appeals, Second Circuit.

Argued Aug. 15, 1973.

Decided Aug. 30, 1973.

Gerald W. Griffin, New York City (R. Bradlee Boal, Norman H. Zivin, New York City, of counsel), for defendant-appellant.

Joseph D. Garon, New York City (James N. Buckner, Peter D. Murray, Frederick P. Houston, New York City, of counsel), for plaintiff-appellee.

Before MULLIGAN, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

We hereby reverse the order of the district court dated July 3, 1973, temporarily restraining appellant, Revlon, Inc., from the use of the trademark "Charlie" for fragrance. This case is set down for trial before Judge Motley to commence September 17, 1973.

One moving for a preliminary injunction assumes the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. Stark v. New York Stock Exchange, Inc., 466 F.2d 743, 744 (2d Cir. 1972); Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969). See also Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co., Inc., 476 F.2d 687, 692–693 (2d Cir. 1973). Here appellee has failed to show either irreparable harm or that the balance of hardships tips decidedly in its favor. It appears both from the record and was necessarily conceded on argument by appellee that its sale of young women's clothing under the registered mark "Charlie's Girls" or any other mark in its alleged "family" of "Charlie's" marks will in no way be affected, at least prior to trial, by the expensive advertising campaign contemplated by appellant in anticipation of Christmas sales of its fragrance "Charlie." This is especially true in light of Revlon's evident financial responsibility to respond in damages, if any will have occurred.

In so holding we in no way express or intimate any views on "the probability of success" of appellee at trial, or on the views of the district judges with respect

to that issue expressed in granting a preliminary injunction and in denying a stay pending appeal.

Judgment reversed and cause remanded for trial on the merits.