SELCHOW & RIGHTER COMPANY,
Plaintiff,

v.

McGRAW–HILL BOOK COMPANY,
Defendant.

No. 77 Civ. 4505.

United States District Court,
S. D. New York.

Oct. 21, 1977.

Herzfeld & Rubin, P. C., New York City, for plaintiff; Watson, Cole, Grindle & Watson, F. M. deRosa, Walter D. Ames, Bernard L. Sweeney, Washington, D. C., of counsel.

Darby & Darby, New York City, for defendant; William F. Dudine, Jr., David R. Francescani, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Selchow and Righter ("S & R") brings this action against defendant McGraw-Hill Book Company ("McGraw-Hill") for trademark infringement under 15 U.S.C. § 1114 (1970), misrepresentation under 15 U.S.C. § 1125(a) (1970) and unfair competition and trademark dilution under state law. These claims have been asserted

in connection with McGraw-Hill's imminent publication of a book entitled "The Complete Scrabble Dictionary." This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b) and pendant jurisdiction over the state claims. S & R has moved, by order to show cause, for a preliminary injunction to enjoin McGraw-Hill from publishing "The Complete Scrabble Dictionary" pending the outcome of its trademark action. I held a hearing on October 14, 1977, at which time the parties set forth a summary of their arguments.

S & R is a manufacturer of word games, among which is the popular game sold under the registered trademark "Scrabble." This trademark has been registered with the Federal Patent Office for a variety of uses including games, scoring devices, score pads, equipment and accessories. It has also been registered with the State of New York in connection with equipment and accessories for playing games.

S & R charges that McGraw-Hill's book, which has a scheduled on-sale date of October 24, 1977, infringes upon S & R's trademark rights in that McGraw-Hill's denomination of a book as "The Complete Scrabble Dictionary" misappropriates the trademark "Scrabble" and is likely to result in public confusion. S & R has its own "Official Scrabble Player's Dictionary" slated for publication in the fall of 1978 and, according to S & R, McGraw-Hill's book will unfairly compete with S & R's by improperly taking advantage of S & R's good will. S & R also fears that its mark will be diluted if McGraw-Hill is permitted to distribute 10,-500 books bearing the "Scrabble" trademark without any designation that it is a trademark.

In opposing these assertions, McGraw-Hill claims that "Scrabble" has become a generic term, and as such, is not entitled to trademark protection when used on products other than those for which it is specifically registered. McGraw-Hill asserts that it is simply using the term "Scrabble" in its descriptive sense as a word game, and not as a trademark indicating origin. Moreover, McGraw-Hill proposes to eliminate any possible harm by including the following disclaimer as an insert in all the books sold:

> "SCRABBLE ® is a registered trademark of Selchow & Righter Company, Bay Shore, New York, for its equipment and accessories for playing word and sentence games. The term 'Scrabble' as used herein means the game of Scrabble and is used without the permission of Selchow & Righter Company. This book does not emanate from and is neither sponsored nor authorized by Selchow & Righter Company."

In order to succeed on its motion for a preliminary injunction, S & R must first demonstrate that it will be irreparably injured by the alleged infringement. *Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973). Additionally, S & R must establish either a likelihood of success on the merits or serious questions going to the merits of the litigation coupled with a balance of hardships tipping decidedly in favor of the party seeking relief. *Id. See also Selchow & Righter v. Book of the Month Club*, 192 U.S.P.Q. 530, 532 (S.D.N.Y. 1976) where on facts similar to those at bar a preliminary injunction was denied. A substantial burden is placed on a movant when seeking a preliminary injunction, particularly in a trademark case. *See generally, Bassett v. Revlon, Inc.*, 354 F.2d 868 (2d Cir. 1966). A plaintiff must show that its mark is valid, deserving of protection, and being infringed by the defendant. *Id.* at 871.

In support of its claim of irreparable injury, S & R asserts that if McGraw-Hill's book is published, S & R's corporate image will be damaged, the public will be confused and its trademark "Scrabble" will lose its distinctiveness and is likely to be rendered generic. At this juncture, S & R has only shown irreparable injury with regard to the latter claims.

S & R asserts that publication of a book without indicating that the term "Scrabble" is a registered trademark will render its mark generic and cause it to lose trademark protection. There is no dispute

that "Scrabble" is a registered trademark for certain games and accessories. Moreover, by this time it has become clear that trademark protection may extend beyond the actual goods trademarked. *Scarves by Vera v. Todo Imports, Ltd., Inc.*, 544 F.2d 1167, 1172 (2d Cir. 1976).

■ S & R asserts that it has at all times vigorously policed its trademark and that to date, all publications whose titles bear the term "Scrabble" are either sponsored or authorized by S & R. McGraw-Hill, on the other hand, argues that the descriptions of the game "Scrabble" in a number of publications offered as exhibits at the hearing before me and/or set forth in its memorandum of law, indicate that "Scrabble" has become a descriptive term indicating a particular word game, and is not recognized solely as a trademark for equipment and accessories marketed by S & R. I disagree with McGraw-Hill's assessment of the status of the "Scrabble" trademark. In five of the seven publications listed by McGraw-Hill in its memorandum in support of its proposition,[1] "Scrabble" is described as a trademarked game. Furthermore, "Webster's New World College Dictionary" lists among its definitions for the term "scrabble": "trademark for a word game played with lettered tiles placed as in a crossword puzzle." (2d Ed. 1972). I do not believe that "Scrabble" has become a term referring to all word games, as McGraw-Hill's assertions would suggest. *See Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, No. 74–0529 (N.D.Cal.1977). Rather, I find that "Scrabble" continues to refer to an "individual game emanating from a single source." *Id.* As such the unchecked use of the term without indicating its trademark status threatens that very status and constitutes what could be irreparable injury.

McGraw-Hill has attempted to mitigate this irreparable injury by its proposed disclaimer insertion. I find, however, that it has not gone far enough. At the hearing on the motion for preliminary injunction, S & R was asked to distinguish the claims made in this case from those set forth in *Selchow & Righter v. Book of the Month Club, supra,* where no irreparable injury was found. In that case S & R relied upon its belief that a *prima facie* finding of trademark infringement amounted to irreparable injury without any additional showing. S & R has gone substantially farther in the case at bar. S & R further distinguished that case by observing that the book in dispute there, "The Scrabble ® Book," bore the registered trademark of S & R, thus indicating the trademark status of "Scrabble." In this case, however, no such trademark designation appears, and it is likely that without it, the trademark "Scrabble" will lose its valuable federal protection. *See generally, King-Seely Thermos Co. v. Aladdin Industries,* 321 F.2d 577 (2d Cir. 1963), where improper policing of the trademark "Thermos" contributed to rendering that term generic. *See also,* 3 Callman, *Unfair Competition Trademarks and Monopolies,* § 742 (3d ed. 1969).

■ Moreover, S & R has shown that the balance of hardships tips decidedly in its favor. S & R is in danger of losing its trademark; this substantial potential injury clearly outweighs any monetary damage that McGraw-Hill might suffer as a result of delayed sales. In addition, I am unable to accept McGraw-Hill's assertion that a delayed sale date will substantially damage McGraw-Hill's reputation. It is simply not reasonable to believe that a company as large and well-known as McGraw-Hill would have its reputation hinge upon the timely sale of 10,500 books for use with word games.

■ Having met its burden with regard to the balance of the hardships and irreparable injury, S & R must also establish that

---

1. McGraw-Hill also submitted six game books to emphasize its position. Of these, one has nothing to do with Scrabble; it is a Monopoly game book, published without permission of Parker Brothers, Monopoly's manufacturer. The registered trademark symbol appears in the title and inside the book is a note disclaiming any affiliation with Parker Brothers.

There are five other game books. In three of them, "Scrabble" is defined as a trademarked game.

there are substantial questions going to the merits to make them a fair ground for litigation. *Charlie's Girls, Inc. v. Revlon, supra.* This S & R has done by raising factual questions as to the likelihood of public confusion resulting from McGraw-Hill's alleged trademark violations. *See generally, Societe Comptoir De l'Indus. v. Alexander's Department Store,* 299 F.2d 33 (2d Cir. 1962).

Accordingly, S & R's motion for a preliminary injunction is granted.

SO ORDERED.