**HESTER INDUSTRIES, INC., Plaintiff,**

v.

**TYSON FOODS, INC., Defendant.**

No. 93–CV–391.

United States District Court, N.D. New York.

April 18, 1995.

Nixon & Vanderhye, P.C., Arlington, VA (Robert W. Adams, Duane M. Byers, of counsel), Kohn, Bookstein & Karp, P.C., Albany,

NY (Richard A. Kohn, of counsel), for plaintiff.

Husch & Eppenberger, Kansas City, MO (Karen J. Halbrook, John R. Cleary, of counsel), Levene, Gouldin & Thompson, Binghamton, NY (David M. Gouldin, of counsel), for defendant.

## ORDER

McAVOY, Chief Judge.

On January 27, 1995, the court heard oral argument on plaintiff's motion for a preliminary injunction pending the outcome of this action along with several other motions. The court reserved decision on the motion for preliminary injunctive relief and now rules that such relief is denied.

■ In order to obtain a preliminary injunction in the Second Circuit the movant must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). In making its determination the court must keep in mind that "the issuance of a preliminary injunction is an extraordinary equitable remedy which should not be granted absent a clear showing that the moving party has met its burden of proof." *Stern's Miracle–Gro Prods., Inc. v. Shark Prods., Inc.*, 823 F.Supp. 1077, 1082 (S.D.N.Y.1993).

■ The Second Circuit has noted that the finding of irreparable harm is perhaps the single most important factor necessary to the proper issuance of a preliminary injunction. *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir.1985). Irreparable harm is defined as "an injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc.*, 596 F.2d at 72. The party seeking preliminary injunctive relief must show more than a mere possibility of irreparable harm, but rather it must show that such irreparable harm is likely if injunctive relief is denied. *Stern's Miracle–Gro Prods., Inc.*, 823 F.Supp. at 1094.

■ Accordingly, plaintiff argues that Tyson's illegal use of the "Wing Flings" mark has caused it irreparable harm because it violates Hester's contractual rights under the 1992 settlement agreement and violates its right to a "clear field." Plaintiff argues that irreparable harm can be inferred from the court's actual finding of a breach of a restrictive covenant by the defendant. The only legal support for these arguments proffered by the plaintiff is an Eighth Circuit case which cites Minnesota case law holding that the breach of a restrictive covenant can lead to an inference of irreparable harm. *See Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361, 1371 (8th Cir.1991) (citing this legal concept). Citation to this one case based on Minnesota law obviously has no binding effect on this court's decision, and without an explanation of the basis for this legal premise, the court sees it an inappropriate basis for a finding of irreparable harm. Thus, without more legal support the court cannot find that irreparable harm can necessarily be inferred from the breach of a restrictive covenant in New York.

Additionally, although plaintiff bases its motion for preliminary injunctive relief on breach of contract and contempt grounds, because of the nature of this action trademark law could obviously be applicable as well. The Second Circuit has held that "in trademark cases, confusing similarity between marks is sufficient injury to warrant the issuance of a preliminary injunction," that is, "if the infringing mark 'is likely to cause confusion, cause mistake or deceive,'" an injunction should issue. *P. Daussa Corp. v. Sutton Cosmetics (P.R.) Inc.*, 462 F.2d 134, 136 (2d Cir.1972), *quoting, Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.*, 428 F.2d 379, 380 (2d Cir.1970).

Confusingly, Hester states in a footnote in its reply papers that its claims of trademark infringement and trademark dilution are not part of this preliminary injunction motion. Yet, Hester goes on to point out sections of affidavits by Jeffrey D. Hester, President of Hester Industries, Inc., as support for the fact that Hester's trademark rights are being irreparably harmed. While it is true that "a high probability of confusion as to sponsor-

ship almost inevitably establishes irreparable harm," and "a preliminary injunction should usually issue when the use of a mark creates a likelihood of confusion in the consumers' minds as to the ownership or sponsorship of a product," *Church of Scientology Int'l v. Elmira Mission of Church of Scientology,* 794 F.2d 38, 41 (2d Cir.1986), plaintiff has not shown a likelihood of confusion in this case.

 Likelihood of confusion is analyzed by using the factors set forth in *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir.1961). These factors are: (1) the strength of the plaintiff's mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will bridge the gap; (5) actual confusion; (6) the reciprocal of the defendant's good faith in adopting its own mark; (7) the quality of the defendant's product; and (8) the sophistication of the buyers.[1] *Polaroid Corp.* at 495. This is not a conclusive list of factors the court may consider. *Polaroid Corp.* at 495.

After reviewing the Hester affidavits, the court finds that although they lend support to some of the *Polaroid* factors, they do not support all of the factors. More specifically, the affidavits do not make a showing of the quality of the defendant's product, and do not make a showing of actual confusion by consumers. Although the court is aware that a showing of actual confusion is not necessarily required to prove a likelihood of confusion, *Centaur Communications, Ltd. v. A/S/M Communications, Inc.,* 830 F.2d 1217, 1227 (2d Cir.1987), "the complete absence of actual confusion evidence after a significant period of competition may weigh in a defendant's favor." *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,* 799 F.2d 867, 875 (2d Cir.1986). Plaintiff has merely shown that one of Tyson's attorneys may have been confused by the two products by mistakenly referring to "Wing Flings" instead of "Wing Dings" during a deposition. This is not a showing of consumer confusion, and thus, the absence of evidence of actual consumer confusion can be weighed in favor of the defen-

dant. Thus, finding that plaintiff has not supplied evidence supporting each of the *Polaroid* factors, the court cannot find irreparable harm on the basis of a likelihood of confusion. The court finds this holding particularly legitimate based on the fact that plaintiff has specifically stated that it is only basing its motion for a preliminary injunction on Tyson's breach of contract and contempt. Because plaintiff has not shown irreparable harm it is unnecessary to consider the other *Jackson Dairy* factors, and the court hereby denies plaintiff's motion for a preliminary injunction.

IT IS SO ORDERED.

---

1. "Originally formulated in reference to noncompeting products, the *Polaroid* test has been extended to the competing products context as

well." *Sterling Drug, Inc. v. Bayer AG,* 14 F.3d 733, 740 n. 3 (2d Cir.1994).